IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,643-01






EX PARTE TONY LEE HICKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A0994 IN THE 216TH DISTRICT COURT


FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to fifty-five years' imprisonment. The Fourth Court of Appeals affirmed
his conviction. Hickson v. State, No. 04-09-00445-CR (Tex. App.-San Antonio, May 26, 2010)
(unpublished). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he wrongfully advised applicant that an affirmative finding of the use or exhibition of a deadly
weapon during commission of the offense required physical evidence of the weapon. Applicant
contends that, based upon this erroneous advice, he refused a plea agreement for deferred
adjudication community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings as to whether Applicant refused a plea offer for
deferred adjudication community supervision and whether trial counsel gave erroneous advice
concerning the proof required to sustain a deadly weapon finding. If the trial court finds that trial
counsel misadvised Applicant and that Applicant refused a plea offer, the court shall make findings
as to whether Applicant's refusal of the plea offer was based on trial counsel's error. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 25, 2011

Do not publish